**Harpreet KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74450.

Agency No. A70–810–299.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

844

Surjit Singh, Anaheim, CA, for Petitioner.

** This disposition is not appropriate for publication and may not be cited to or by the

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Norah Ascoli Schwarz, Jeffrey J. Bernstein, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Harpreet Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA adopted the IJ's decision as its own. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Although Kaur demonstrated past persecution, the consequent presumption of a well-founded fear of persecution was rebutted by the 1997 State Department "Addendum to the India Country Profile." This document specifically concludes that membership in the All–India Sikh Students Federation ("AISSF") "in itself does not result in prosecution or mistreatment." While Kaur testified that she was not merely a member but rather a small-scale organizer of the AISSF, substantial evidence nevertheless supports the IJ's determination that relevant conditions in the Punjab changed so fundamentally between Kaur's incidents of past persecution and

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the date of her removal hearing that she no longer has a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 997, 1000 (9th Cir. 2003).

By failing to qualify for asylum, Kaur necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Kaur is also not entitled to CAT relief because she did not demonstrate that it is more likely than not that she would be tortured if returned to India. *See* 8 C.F.R. § 1208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**